HEATHER D. HEARNE, SBN 254496
hdh@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
10233 South Parker Rd., Suite 306
Parker, CO 80134
Tel.: (720) 447-6628
Fax: (225) 906-4230

Attorney for Defendants
Schlumberger Technology Corporation, and
Amanda Orvis

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE PALACPAC,<br><br>    Plaintiff,<br><br>vs.<br><br>SCHLUMBERGER; SCHLUMBERGER TECHNOLOGY CORP; SCHLUMBER TECHNOLOGY CORPORATION; SCHLUMBERGER CORPORATION; SCHLUMBERGER TECH CORP; SCHLUMBERGER LIMITED; TIM SMALL; AMANDA ORVIS; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO.<br><br>**DEFENDANTS SCHLUMBERGER TECHNOLOGY CORPORATION'S AND AMANDA ORVIS' NOTICE OF REMOVAL**<br><br>[Declarations of Heather Hearne, Ramanathan Venkataraman, Tvan Simmons, and Amanda Orvis filed concurrently herewith]<br><br>[Removed from Kern County Superior Court, Case No. BCV-23-100063] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF JAMIE PALACPAC AND HIS COUNSEL OF RECORD:**

1          Defendants' Notice of Removal

**PLEASE TAKE NOTICE** that Defendants Schlumberger Technology Corporation ("STC") and Amanda Orvis (together "Defendants") file this notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), to affect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California for the County of Kern as Case No. BCV-23-100063, and state that the removal is proper for the following reasons:

## TIMELINESS OF REMOVAL

1.  On January 5, 2023, Plaintiff Jamie Palacpac ("Plaintiff") filed, but did not serve, his Complaint for Damages ("Complaint") in the Superior Court of the State of California in and for the County of Kern. *See* Declaration of Heather Hearne ("Hearne Decl."), Ex. 2 (Plaintiff's Complaint). Plaintiff filed his First Amended Complaint for Damages ("Amended Complaint") in the Superior Court of the State of California in and for the County of Kern on January 30, 2023. *See* Hearne Decl., Ex. 3. Defendant STC was served with the Amended Complaint and accompanying documents on February 1, 2023. Hearne Decl., Ex. 4 (Service of Process Transmittals).

2.  Defendant Amanda Orvis was served with the Amended Complaint and accompanying documents on or around February 10, 2023, via registered mail. Hearne Decl., Ex. 5 (Service of Process on Amanda Orvis).

3.  "[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendants' notice of removal is timely pursuant to 28 U.S.C. § 1446(b), because it is filed within 30 days

after service of the Amended Complaint was completed.[1]

## SUMMARY OF PLAINTIFF'S ALLEGATIONS AND FACTS GIVING RISE TO REMOVAL

4. Plaintiff's Amended Complaint alleges fourteen causes of action against the following defendants: Schlumberger Technology Corporation, also separately identified in the caption as Schlumberger Technology Corp. and Schlumberger Tech. Corp., as well as Schlumberger, Schlumberger Corporation, Schlumberger Limited, Amanda Orvis, and Tim Small.

5. Plaintiff was employed by STC from approximately April 2000 to August 2021. Declaration of Ramanathan Venkataraman ("Venkataraman Decl."), ¶ 3. Amanda Orvis works for STC as a Recruiter in Houston, Texas. Declaration of Amanda Orvis ("Orvis Decl."), ¶ 2. Schlumberger and Schlumberger Corporation[2] are not actual entities. Declaration of Tvan Simmons ("Simmons Decl."), ¶ 5. Defendants are not aware of anyone by the name of Tim Small, and STC has no record of any such employee. Venkataraman Decl., ¶ 5. Schlumberger Limited is a real entity but bears no relationship to this matter and has not been served. Simmons Decl., ¶ 4.; Hearne Decl., Ex. 6 (Docket Sheet from the action in Kern County Superior Court). The two defendants properly served in this action – STC and Ms. Orvis – consent to and/or join in this removal.

---

[1] *See* Fed. R. Civ. P. 6(a)(1) (when a period of time is stated in days, and "the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

[2] On February 7, 2023, Plaintiff attempted to "serve" Schlumberger Corporation by hand-delivering a copy of the Amended Complaint and Summons to STC's office in Bakersfield. Hearne Decl., ¶ 9. There is no entity known as Schlumberger Corporation at STC's office in Bakersfield or otherwise, and there is no indication on the Secretary of State's website that STC is authorized to accept service on behalf of Schlumberger Corporation. Simmons Decl., ¶ 5; Hearne Decl., ¶ 9.

3         Defendants' Notice of Removal

6. Plaintiff's Amended Complaint alleges the following causes of action: (1) discrimination in violation of the FEHA; (2) hostile work environment harassment in violation of the FEHA; (3) retaliation in violation of the FEHA; (4) failure to provide reasonable accommodation in violation of FEHA; (5) failure to engage in the interactive process in violation of FEHA; (6) failure to prevent discrimination, and harassment, and retaliation in violation of FEHA; (7) breach of express oral contract not to terminate employment without good cause; (8) breach of implied in-fact-contract not to terminate employment without good cause; (9) negligent hiring, supervision, and retention; (10) wrongful termination of employment in violation of public policy; (11) violation of labor code § 1102.5; (12) waiting time penalties (Labor Code § 203); (13) intentional infliction of emotional distress; and (14) failure to provide personnel file and payroll records. Plaintiff asserts all causes of action against STC[3] and only the second and thirteenth cause of action against individual defendants Tim Small and Amanda Orvis (harassment in violation of FEHA and intentional infliction of emotional distress).

**SUMMARY OF FACTS GIVING RISE TO
REMOVAL UNDER § 1332(a)**

7. Defendants have a good faith basis to believe that removal is proper under 28 U.S.C. § 1332(a) as complete diversity exists, and the amount placed in controversy by Plaintiff's Amended Complaint exceeds $75,000. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441.

**A.    Complete Diversity of Citizenship Exists.**

8. To remove under Section 1332(a), complete diversity must exist, meaning that no Plaintiff is a citizen of the same state as any defendant. 28 U.S.C.

---

[3] Plaintiff also asserts these causes of action against the various fictitiously named entity defendants and Schlumberger Limited, which has not been served.

4         Defendants' Notice of Removal

§ 1332(a); *Edrington v. Barr*, No. 16-cv-07395-JSC, 2017 WL 106145, at *1 (N.D. Cal. Jan. 11, 2017).

9.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986). A party's residence is *prima facie* evidence of his domicile. *Angelica Cuevas v. Lowes Home Centers, LLC,* No. CV 20-2755, 2020 WL 6439174 at *3 (C.D. Cal. Aug. 5, 2020) (citing *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994)).

10. Plaintiff's Amended Complaint states that he is and was at all relevant times a resident of Kern County, California through the time of the filing of the Complaint. Hearne Decl., Ex. 3 (Amended Complaint), ¶ 1. *See Rubio v. Roman Catholic Bishop of Sacramento,* No. 07-0568, 2007 WL 1576362, at *2 (E.D. Cal. May 31, 2007) (explaining that the court considers factors including current residence and place of employment or business when determining domicile). As such, for diversity purposes, Plaintiff is a "citizen" of California.

11. Defendant Amanda Orvis resides in Houston, Texas, where she works for STC. Orvis Decl., ¶¶ 2-3. Therefore, for diversity purposes, Ms. Orvis is a citizen of Texas.

12. Plaintiff's Amended Complaint identifies defendant Tim Small as "an employee with defendants" and Palacpac's "manager[.]" Amended Complaint, ¶¶ 2, 16. STC has no record of ever having employed anyone by this name. Venkataraman Decl., ¶ 5. Further, Mr. Small has not been served in this action. Hearne Decl., Ex. 6. Consequently, though he is allegedly a resident of California, he does not defeat diversity jurisdiction in this action. *Poe v. Health Net, Inc.,* No. CV 18-9792-R, 2019 WL 1150497, at *1 (C.D. Cal. Mar. 12, 2019) ("Federal subject matter jurisdiction

hinges on the circumstances that exist at the time of removal"). Finally, for the reasons set forth below, even if Mr. Small is determined to exist and even if his presence would otherwise destroy diversity jurisdiction, because he is fraudulently joined, his (alleged) citizenship should be disregarded.

13. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." A corporation's principal place of business is identified pursuant to the "nerve center" test set forth in *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). Under the "nerve center" test, a corporation's principal place of business is in the state "where the corporation's high level officers direct, control, and coordinate the corporation's activities"– typically the corporation's headquarters. *Id.* at 80-81.

14. STC[4] is a corporation organized under the laws of the State of Texas with its principal place of business in Houston, Texas. Simmons Decl., ¶ 3. Further, it maintains its executive and administrative operations at its headquarters in Texas. *Id.* Consequently, STC is a citizen of Texas. *Hertz*, 559 U.S. at 93 ("A corporation's 'nerve center,' usually its main headquarters, is a single place").

15. Though Schlumberger Limited has not been served, even upon service, its inclusion would not destroy diversity. Hearne Decl., Ex. 6. Schlumberger Limited is a publicly traded company incorporated in Curacao and maintains offices in Paris, Houston, London, and The Hague. Simmons Decl., ¶ 4. Thus, for citizenship purposes, Schlumberger Limited is not a citizen of California.

16. Plaintiff's Amended Complaint identifies defendants "Schlumberger" and "Schlumberger Corporation" however, no legal entities exist with those names. Simmons Decl., ¶ 5. Likewise, Plaintiff's Amended Complaint separately identifies

---

[4]Identified in the Amended Complaint as Schlumberger Technology Corporation, Schlumberger Tech Corp., and Schlumberger Technology Corp.

defendants Schlumberger Technology Corp. and Schlumberger Tech. Corp. These names are merely abbreviations of the properly-named defendant Schlumberger Technology Corporation, on whose behalf this Notice is filed. *Id.,* ¶ 6.

17. Finally, the presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded."). Thus, the parties are completely diverse, which meets the first element of establishing diversity jurisdiction for the purpose of removal.[5]

### (a) Mr. Small is Fraudulently Joined

18. STC has no record of employing Mr. Small, and to Defendants' knowledge, he has not been served in this action. Regardless, even if Mr. Small was employed by STC and had already been served with process in this action (though he has not), and even if he were a citizen of California, federal jurisdiction would still be appropriate, as Mr. Small is fraudulently joined.

19. The doctrine of fraudulent joinder is an exception to the requirement of complete diversity and allows courts to disregard a sham defendant if a plaintiff's complaint fails to state a valid claim against him. As the Ninth Circuit ruled in *McCabe v. General Foods Corp.,* 340 F.3d 824, 826 (9th Cir. 1987): "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." In *McCabe,* the plaintiff's joinder of individual supervisors as defendants did not destroy diversity of citizenship because

---

[5] The citizenship of unnamed defendants is irrelevant. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1424 (9th Cir. Cal. 1989); *Firstoe v. Reynolds Metals Co.,* 615 F.3d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *California ex rel. Bates v. Mortg. Elec. Registration Sys., Inc.*, No. 2:10-CV-01429, 2010 WL 2889061 (E.D. Cal. July 21, 2010) (holding that "Congress obviously reached the conclusion that the Doe defendants should not defeat diversity jurisdiction").

he failed to state a cause of action under California law against them: "If the plaintiff fails to state a cause of action against a resident defendant . . . the joinder of the resident defendant is fraudulent." *Id.* (citation omitted); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067–68 (9th Cir. 2001) (non-diverse defendant properly deemed fraudulently joined and disregarded when plaintiff's complaint failed to state claim against defendant as matter of law); *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (quoting *McCabe*, 340 F.3d 824, 826); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319–20 (9th Cir. 1998) (where there is a state law defense that would subject plaintiff's claim to demurrer for failure to state cause of action, non-diverse defendant is considered sham defendant for purposes of removal); *Scopas v. Armstrong World Indus., Inc.*, No. CV-83-4290, 1983 WL 31080, at *3–5 (C.D. Cal. Oct. 5, 1983) (discharged employee's joinder of former supervisor as non-diverse party was fraudulent; plaintiff could state no valid cause of action against him), *aff'd,* 770 F.2d 171 (9th Cir. 1985).

20. Absent actual fraud in the pleadings of jurisdictional facts, a party asserting fraudulent joinder must prove an inability to establish a cause of action against the forum defendant in state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). As such, the question is whether it is obvious from the Amended Complaint that Plaintiff has no harassment and intentional infliction of emotional distress claim against Mr. Small. *Hamilton Materials, Inc. v. Dow Chemical Co.,* 494 F.3d 1203, 1206 (9th Cir. 2007). Here, the answer is plainly yes.

21. Specifically, though Plaintiff makes a claim of hostile work environment / harassment in violation of the FEHA against Mr. Small, Plaintiff does not cite a single fact in support thereof. Additionally, "[C]omplaints that lump defendants together without adequately distinguishing claims and alleged wrongs among the defendants are improper." *Culinary Studios Inc. v.* Newsom, 517 F.Supp. 3d 1042,1074-75 (E.D. Cal. 2021). "Generally, [s]pecific identification of the parties

to the activities alleged by the plaintiffs is require[d]… to enable [a] defendant to plead intelligently." *Id.* at 1074 (citing *Flores v. EMC Mortg. Co.*, 997 F.Supp. 2d (E.D. Cal. 2014)).  To establish a claim of a hostile work environment, a plaintiff must show that: (1) he was a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his protected class; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile or offensive work environment; and (5) the employer or supervisor is liable for the harassment. *Thompson v. City of Monrovia,* 186 Cal. App. 4th 860, 876 (Cal. Ct. App. 2010).

22.  Plaintiff's only substantive reference to Mr. Small in his *entire* Amended Complaint is the following sentence: "Palacpac's Manager, Tim Small ("Small"), and Orvis approached Palacpac and asked him to follow them into the office." Amended Complaint, ¶ 16. This single fact does not raise a triable issue of harassment by Mr. Small.  Indeed, a request by an (alleged) manager to have a subordinate follow him into the office is precisely the type of management/supervisory conduct that courts have held cannot form the basis for a harassment complaint.  *See, e.g.*, *Gardner v. City of Berkeley*, 838 F. Supp. 2d 910, 926 (N.D. Cal. 2012) (citation omitted) ("Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job."); *Reno v. Baird*, 18 Cal. 4th 640, 645–46 (1998) (harassment "'consists of actions outside the scope of job duties which are not necessary to business and personnel management'") (quoting *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63–65 (1996)); *Roby v. McKesson Corp.,* 47 Cal. 4th 686, 706 (2009) (same).

23.  Plaintiff also makes a claim of intentional infliction of emotional distress against Mr. Small. Once again, however, he does not cite a single fact in support thereof. To establish a claim of intentional infliction of emotional distress, a

plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144 (2014). At best, one can infer that Mr. Small was in the room when Plaintiff was fired, which would not constitute action resulting in the intentional infliction of emotional distress. *Lurie v. Konica Minolta Bus. Sols. U.S.A.*, No. 16–CV–00787 RGK (JCx), at *4 (C.D. Cal. Apr. 11, 2016) ("Plaintiff has no IIED claim against the remaining individual defendants because supervisors and managers may not be held personally liable for making personnel decisions, even if the conduct is deemed discriminatory."); *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002) (citing *Janken*, 46 Cal. App. 4th at 79–80 (1996)) ("Terminating an employee for improper or discriminatory reasons, like many other adverse personnel management decisions, is insufficiently extreme or outrageous to give rise to a claim for intentional infliction of emotional distress.").

24. Accordingly, because Plaintiff's claims against Mr. Small are not viable, Mr. Small can, even if later determined to be a real and non-diverse party, nonetheless be disregarded as a sham defendant.

**B.     The Amount in Controversy Exceeds $75,000.**

25. In addition to complete diversity, the amount placed in controversy by Plaintiff's claims far exceeds the $75,000 jurisdictional threshold. This statement is not an admission of guilt on behalf of defendants, nor do Defendants concede liability for any of the claims alleged by Plaintiff. Plaintiff alleges that he was hired in or around April 2000 and discharged on or around August 9, 2021. *See* Hearne Decl., Ex. 3 (Amended Complaint), ¶¶ 11,14. Prior to his termination, Plaintiff worked as a Field Specialist 2. *Id.* ¶ 15. Plaintiff's annual salary at the time of his discharge

was $68,484. Venkataraman Decl., ¶ 4. As a full-time, exempt employee, Plaintiff typically earned approximately $1,317.00 weekly.[6] *See id.* A calculation of Plaintiff's lost wages from his termination date of August 9, 2021 through March 1, 2023—a time period of 577 days or more than 82 weeks—equals roughly $107,794.[7] Assuming this case goes to trial a mere six months following removal, on September 3, 2023, Plaintiff's estimated lost wages would alone total more than $140,000[8]— nearly twice the jurisdictional threshold.

## THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

26. Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because:

    (a) the amount in controversy exceeds $75,000, exclusive of interests and costs, and

    (b) the controversy is between citizens of different states.

27. Accordingly, this action is properly removable under 28 U.S.C. §1441, 1446.

28. In addition, the United States District Court for the Eastern District of California, is the federal judicial district embracing the Superior Court for the County Kern, where the suit was originally filed. 28 U.S.C. § 84(c)(2); *see also* 28 U.S.C. § 1441(a).

29. True and correct copies of the Summons and Complaint are filed concurrently herewith as Exhibits 1–6 to the Hearne Declaration. This constitutes the complete record of all records and proceedings in the state court and are appended hereto as required by 28 U.S.C. § 1446(a). *See* Hearne Decl., Ex. 6 (Docket Sheet).

---

[6] $68,484 *divided by* 52 weeks *equals* approximately $1,317.00.
[7] $1,317.00 times 82 weeks equals $107,794.
[8] 26 weeks (6 months) *times* $1,317.00 *equals* $34,242. $107,794 *plus* $34,242 *equals* $142,036.

11        Defendants' Notice of Removal

230. Upon filing the Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel and will file and serve of copy of this Notice with the Clerk for the Kern County Superior Court, pursuant to 28 US.C. § 1446(d).

Wherefore, Defendants hereby remove this action from the Superior Court of California in and for the County of Kern.

Dated: March 2, 2023

By: */s/ Heather D. Hearne*
HEATHER D. HEARNE, SBN 254496
**THE KULLMAN FIRM, PLC**
10233 South Parker Rd., Suite 306
Parker, CO 80134
Telephone: 720-447-6628
Facsimile: 225-906-4230
hdh@kullmanlaw.com

Attorney for Defendants
Schlumberger Technology Corporation
and Amanda Orvis

# **PROOF OF SERVICE**
Case No.: 2:21-CV-4817

STATE OF LOUISIANA )
) ss.
EAST BATON ROUGE PARISH )

I am employed in the Parish of East Baton Rouge, in the State of Louisiana. I am over the age of 18 and not a party to the within action. My business address is 4605 Bluebonnet Blvd., Suite A, Baton Rouge, LA 70809.

On **March 2, 2023,** I caused the foregoing document(s) described as **DEFENDANTS SCHLUMBERGER TECHNOLOGY CORPORATION'S AND AMANDA ORVIS' NOTICE OF REMOVAL** to be served on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Genessis Guevara
> Shegerian & Associates, Inc.
> 11520 San Vicente Boulevard
> Los Angeles, CA 90049
> P: (310) 860-0770
> F: (310) 860-0771
> GGuevara@Shegerianlaw.com
>
> *Counsel for Plaintiff*

__X_ **VIA OVERNIGHT DELIVERY – FEDERAL EXPRESS**

I deposited such document(s) in a box or other facility regularly maintained by FedEx or delivered such document(s) to courier or driver authorized by FedEx, with delivery fees paid or provided for, and addressed to the person(s) being service.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **March 2, 2023**, at Baton Rouge, Louisiana.

By: */s/ Cathy O. Edmonds*
Cathy O. Edmonds