UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE PALACPAC,<br><br>        Plaintiff,<br><br>    v.<br><br>SCHLUMBERGER, et al.,<br><br>        Defendants. | No. 1:23-cv-00318-KES-CDB<br><br>ORDER DENYING MOTION TO REMAND<br><br>(Doc. 4) |

Plaintiff Jamie Palacpac brings claims against defendants under California law, including claims for discrimination, hostile work environment, negligent hiring, breach of contract, and retaliation. Doc. 1-4 ("FAC"). Palacpac moves to remand this action to the Kern County Superior Court, arguing this action was improperly removed. Doc. 4. The matter is suitable for resolution without oral argument. For the reasons set forth below, Palacpac's motion for remand is denied.

I. **BACKGROUND**

Palacpac alleges that he was an employee of defendants Schlumberger, Schlumberger Technology Corp., Schlumberger Technology Corporation ("Schlumberger Technology"),

1

Schlumberger Corporation, Schlumberger Tech Corp., and Schlumberger Limited).[1] FAC at 5. Palacpac was an employee of Schlumberger Technology from 2000 until his termination in August 2021. *See id.* ¶ 11. On or about September 30, 2020, Palacpac witnessed an accident at his worksite involving his brother that resulted in his brother's death. *Id.* ¶ 15c. The next day, Palacpac experienced a nervous breakdown and went to see a psychiatrist. *Id.* ¶ 15d. Palacpac was diagnosed with severe Post-Traumatic Stress Disorder and Survivor's Remorse. *Id.* He was prescribed medication and placed on leave. *Id.* In August 2021, Palacpac called defendant Amanda Orvis, a Schlumberger Technology human resources representative, informing her that his doctor had cleared him to return to work. *Id.* ¶¶ 15f–15g. Orvis told Palacpac that he could return to work on August 9, 2021. *Id.* ¶ 15g. Palacpac alleges that, when he returned to work on August 9, 2021, Orvis and defendant Tim Small, Palacpac's manager, met with him and Orvis told him he was terminated. *Id.* ¶ 16. Palacpac called Orvis a few days later and requested his personnel file, but Orvis refused to provide it to him. *Id.*

On January 5, 2023, Palacpac filed this action in Kern County Superior Court. Doc. 1 at 2. Palacpac filed an amended complaint on January 30, 2023 against the Schlumberger entities, Orvis, and Small, alleging: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), (2) hostile work environment and harassment on the basis of disability and associational disability in violation of FEHA, (3) retaliation in violation of FEHA, (4) failure to provide reasonable accommodation in violation of FEHA, (5) failure to engage in the interactive process in violation of FEHA, (6) failure to prevent discrimination, harassment, and retaliation in violation of FEHA, (7) breach of express oral contract not to terminate employment without good cause, (8) breach of implied-in-fact contract not to terminate employment without good cause, (9) negligent hiring, supervision, and retention, (10) wrongful termination of employment in violation of public policy, (11) violation of California Labor Code § 1102.5, (12) waiting time penalties under California Labor Code § 203, (13) intentional infliction of

---

[1] The removing defendants assert, and Palacpac does not dispute, that defendants Schlumberger Technology, Schlumberger Tech Corp. and Schlumberger Technology Corp. are the same entity. Doc. 1 at 6; Doc. 1-8. The removing defendants also allege, and Palacpac does not dispute, that there are no legal entities named "Schlumberger" or "Schlumberger Corporation." *Id.*

2

1  emotional distress, and (14) failure to provide personnel file and payroll records. *See* FAC.

2  Palacpac seeks economic damages, including lost past and future income and employment benefits, damages for harm to his career, lost wages, overtime, unpaid expenses, and penalties and interest on unpaid wages. *Id.* ¶ 17. Palacpac also seeks non-economic damages, including for emotional distress, humiliation, and mental and physical pain and anguish, as well as punitive damages and attorneys' fees. *Id.* ¶¶ 18–20.

Schlumberger Technology and Orvis (collectively, "removing defendants") removed this action to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, alleging diversity jurisdiction exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Doc. 1 at 2–3. In support of their notice of removal, the removing defendants provide various declarations, including the declaration of Ramanathan Venkataraman, a human resource business partner at Schlumberger Technology. Doc. 1-10 ("Venkataraman Decl.").

In their notice of removal, the removing defendants allege that complete diversity exists because plaintiff Palacpac is a citizen of California, defendant Orvis is a citizen of Texas, and defendant Schlumberger Technology is a citizen of Texas.[2] Doc. 1 at 5–6. The removing defendants allege that Schlumberger Limited had not been served at the time of removal and that its joinder would not destroy diversity jurisdiction because Schlumberger Limited is not a citizen of California. *Id.* at 6. With regard to defendant Small, an alleged resident of California, the removing defendants assert that Small was fraudulently joined. Doc. 1 at 5–6. In his declaration, Venkataraman states that he has found no record of a Tim Small ever being employed by Schlumberger Technology and that he is not aware of anyone by that name employed by Schlumberger Technology in California. Venkataraman Decl. ¶ 5. The removing defendants allege that Small was fraudulently joined and that his alleged citizenship does not destroy diversity, because there was no such Schlumberger Technology employee and Palacpac cannot

---

[2] As noted above, defendants Schlumberger Technology, Schlumberger Tech Corp. and Schlumberger Technology Corp. are the same entity, and there are no legal entities named Schlumberger or Schlumberger Corporation. Doc. 1 at 6; Doc. 1-8.

state a claim against him. Doc. 1 at 7–10. They also note that Small has not been served in this action. *Id.*

The removing defendants allege that the amount in controversy exceeds $75,000 because Palacpac's claim for lost wages exceeds this amount. Doc. 1 at 10–11. In his declaration, Venkataraman states that Palacpac had an annual salary of $68,484 prior to his termination. Venkataraman Decl. ¶ 4. Thus, the moving defendants allege, Palacpac typically earned approximately $1,317.00 a week. Doc. 1 at 11. Defendants calculate that Palacpac's potential lost wages from the date of his termination through March 1, 2023, equal more than $107,794. *Id.* The moving defendants also allege that, even if the case had gone to trial within six months of removal, Palacpac's lost wages claim alone would be for more than $140,000. *Id.*

On March 27, 2023, Palacpac filed a motion to remand this action. Doc. 4. The removing defendants filed their opposition to the motion to remand on April 10, 2023, and Palacpac filed his reply on April 14, 2023.[3] Docs. 6, 7.

**II.   LEGAL STANDARD**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). An action may be removed to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). Removal is proper when an action presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). If there is doubt as to the right of removal, a federal court must reject jurisdiction and

---

[3] This case was reassigned on March 14, 2024, to the undersigned. Doc. 12.

remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). If the defendant fails to meet its burden of establishing subject matter jurisdiction, the action must be remanded. 28 U.S.C. § 1447(c); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper.").

**III.   ANALYSIS**

Palacpac moves to remand this action to Kern County Superior Court, arguing that the requirements for diversity jurisdiction are not met because: (A) Small is a non-diverse defendant and the removing defendants have failed to show that he was fraudulently joined; and (B) the removing defendants have also not shown that the amount in controversy exceeds $75,000. Doc. 4.

**A.   <u>Fraudulent Joinder</u>**

In determining whether there is complete diversity between the parties, the district court may disregard the citizenship of a non-diverse defendant who has been fraudulently joined. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* The Ninth Circuit has recognized two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (internal quotation marks and citation omitted).

"[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* at 549. Rather, the standard for fraudulent joinder is akin to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. *Id.* "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

5

In their notice of removal, the removing defendants assert that Small is not a proper defendant in this action because he was not Palacpac's manager and Schlumberger Technology did not employ anyone named Small, and Palacpac therefore cannot state a claim against him. *See* Doc. 1. In support of these allegations, the removing defendants have provided the declaration of Ramanathan Venkataraman stating that Small was not Palacpac's manager or even an employee of Schlumberger Technology. Venkataraman Decl. ¶ 5. Palacpac concedes that Small was not his manager and states that the correct defendant would be a person named Robert Little. Doc. 4-2 ("Palacpac Decl.") ¶ 6–8 ("Robert Little, erroneously identified as Tim Small" was in the termination meeting and terminated Palacpac); Doc. 4 at 7 (stating it is "undisputed" that the correct defendant would be "Robert Little (Little, erroneously sued as Tim Small)"). Palacpac thus concedes that Small is not an appropriate defendant in this action. *See Rider v. Sears Roebuck & Co.*, No. CV 11-2700 GAF FMOX, 2011 WL 2222171, at *4 (C.D. Cal. June 7, 2011) (an admission that the non-diverse defendant had done nothing wrong and that the plaintiff knew of no reason to bring a claim against that defendant established that the non-diverse defendant had been fraudulently joined).

Palacpac concedes that he has no cause of action against Small, the non-diverse California defendant. Palacpac has not moved to amend his complaint to add Little as a defendant in this action. As Palacpac cannot establish a cause of action against the named defendant Tim Small, Small is a fraudulently joined defendant whose presence does not destroy diversity. Thus, there is complete diversity between the parties.

### B. Amount in Controversy

Palacpac also argues that the removing defendants have failed to meet their evidentiary burden as to the amount in controversy. Doc. 4 at 18–19. A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). But once the plaintiff challenges the allegations for removal jurisdiction, the defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* at 88. When the amount in controversy is unclear from the face of the complaint, the removing

1  defendant has the burden of establishing that the amount in controversy is met.  *Chavez v.*
2  *JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

3  In his complaint, Palacpac seeks damages including lost past and future income.  FAC
4  ¶ 17.  In their notice of removal, the removing defendants allege that Palacpac had an annual
5  salary of $68,484 and thus typically earned approximately $1,317 a week.  Venkataraman Decl.
6  ¶ 4; Doc. 1 at 11.  Palacpac does not dispute that he earned approximately $1,317 a week.  There
7  are approximately 81 weeks between the date Palacpac was terminated (August 9, 2021) and the
8  date of removal to federal court (March 2, 2023).  According to the evidence provided by
9  defendants, at the time of removal the amount in controversy for lost wages was therefore
10 approximately $106,677 (81 weeks x $1,371/week).  Thus, defendants have established that at the
11 time of removal the amount in controversy exceeded $75,000.  *See Meastas v. Quest Diagnostics*
12 *Inc.*, No. 5:24-CV-00779-MCS-SHK, 2024 WL 3462346, at *2 (C.D. Cal. July 17, 2024) ("In
13 unlawful termination cases, 'courts commonly look to the value of the wages plaintiffs may have
14 earned after they were terminated' in evaluating the lost wages placed in controversy.").

15 Palacpac appears to argue that not all the weeks following his termination should count
16 toward his lost wages.  He argues that, following his termination, he was severely distressed from
17 an unspecified date until March 2023 and that, given his mental health condition, it is incorrect to
18 assume that he would have been able to work at his pre-termination position and would have
19 worked his regular full–time hours.  Doc. 4 at 18–19; Palacpac Decl. ¶ 5.  But, in his complaint,
20 Palacpac alleges that his doctor had cleared him to return to work before he was terminated.
21 FAC ¶ 15g.  Palacpac does not specify in either of his declarations when he was allegedly unable
22 to work after his termination, and he has failed to produce summary-judgment-type evidence to
23 challenge the amount of lost wages the removing defendants have identified as in controversy.
24 *See Dart Cherokee*, 574 U.S. at 84 ("both sides" are obligated to "submit proof" when the amount
25 in controversy is challenged).  Moreover, Palacpac asserts that the reason he was unable to work
26 was that his termination caused or contributed to his severe distress.  But defendants reasonably
27 estimate the lost wages that Palacpac would have earned had he <u>not</u> been terminated.  "If a
28 plaintiff claims at the time of removal that her termination caused her to lose future wages, and if

7

the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Chavez*, 888 F.3d at 417.

Palacpac also argues that the removing defendants' amount in controversy does not take into account that he subsequently found other employment and thereby mitigated his damages. But "mitigation of damages is an affirmative defense, and a 'potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.' " *Ulloa v. California Newspaper Partners*, No. LA CV20-11776 JAK (AGRx), 2021 WL 6618815, at *5 (C.D. Cal. Oct. 21, 2021) (collecting cases); *see also Leon-Calderon v. Old Dominion Freight Line, Inc.*, No. 2:22-CV-08930-MCS-KS, 2023 WL 1931328, at *3 (C.D. Cal. Feb. 10, 2023).

Accordingly, the removing defendants have adequately shown that the amount in controversy exceeds the jurisdictional threshold.

### IV. CONCLUSION

Based upon the foregoing, diversity jurisdiction exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Accordingly, Palacpac's motion to remand, Doc. 4, is denied.

IT IS SO ORDERED.

Dated: January 8, 2026

                                                UNITED STATES DISTRICT JUDGE