HEATHER D. HEARNE, SBN 254496
hdh@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
10233 South Parker Rd., Suite 306
Parker, CO 80134
Tel.: (720) 447-6628
Fax: (225) 906-4230

Attorney for Defendants
Schlumberger Technology Corporation and
Schlumberger Limited

Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Neeka Tehrani, Esq., State Bar No. 365930
NTehrani@Shegerianlaw.com
SHEGERIAN & ASSOCIATES
320 North Larchmont Boulevard
Los Angeles, California 90004
Telephone Number:      (310) 860 0770
Facsimile Number:      (310) 860 0771

Attorneys for Plaintiff,
JAIME PALACPAC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE PALACPAC,<br><br>        Plaintiff,<br><br>vs.<br><br>SCHLUMBERGER;<br>SCHLUMBERGER TECHNOLOGY<br>CORP; SCHLUMBER<br>TECHNOLOGY CORPORATION;<br>SCHLUMBERGER CORPORATION;<br>SCHLUMBERGER TECH CORP;<br>SCHLUMBERGER LIMITED; TIM<br>SMALL; AMANDA ORVIS; and<br>DOES 1 through 100, inclusive,<br><br>        Defendants. | **CASE NO. 1:23-cv-00318-KES-CDB**<br><br>**STIPULATED PROTECTIVE<br>ORDER <u>AS MODIFIED</u>**<br><br>**(Doc. 41)** |

WHEREAS, pursuant to Local Rule 141.1, the parties anticipate that discovery will involve the exchange of documents and information that may include sensitive personal, employment, and safety-related materials, and that the entry of a protective order will facilitate the free flow of discovery by providing a framework for such materials;

WHEREAS, it is also anticipated that court filings in this matter will include references to documents or information that both parties may regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that deposition testimony in this matter will include references to documents or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, the parties further recognize that this Order is not intended to impede the prosecution or defense of any claim, to shield relevant evidence from disclosure, or to restrict the use of discoverable information beyond what is necessary to prevent clearly defined and serious injury;

IT IS HEREBY stipulated and made an Order of the Court that—until this Stipulated Protective Order is amended or superseded—all parties and their agents, including their employees and counsel, who are provided with Confidential Information (as defined below) shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this action. This Order

STIPULATED PROTECTIVE ORDER

shall be construed and applied in a manner that promotes the just, speedy, and efficient resolution of this action and that does not unduly restrict any party's access to information reasonably necessary for the prosecution or defense of the claims at issue.

**A.    Scope**

1.    This Order shall govern all documents and information produced by any party to this action, whether produced informally or pursuant to a formal discovery request, and shall also include all documents or information revealed during a deposition, in any interrogatory answer, or otherwise disclosed via discovery.

2.    Nothing in this Order precludes any party from seeking relief from the Court with regard to the production of documents or information.

3.    This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

4.    Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" or "Confidential—Attorneys' Eyes Only" (as those phrases are defined below) constitutes a trade secret or is in fact confidential.

**B.    Categories of Confidential Information**

1.    For purposes of this Stipulated Protective Order, "Confidential Information" includes the following categories of non-public information:

STIPULATED PROTECTIVE ORDER

a)   Personnel and human resources records, including employee files, compensation information, medical information, disciplinary records, and workplace investigations;

b)   Internal safety investigations and incident reports, including findings, analyses, and corrective action materials;

c)   A party's non-public safety policies and procedures including training manuals and operational guidelines; and

d)   Any other non-public information that the producing party designates in good faith and for which the producing party can articulate specific and particularized harm. A generalized assertion of confidentiality shall not suffice to support a designation under this subsection.

**C.   Confidential Information**

1.   Materials that fall within the categories described in Section B may be designated as "Confidential" or as "Confidential—Attorneys' Eyes Only." Certain materials may be of such a highly sensitive nature that disclosure to another party could result in competitive or operational harm, necessitating an Attorneys' Eyes Only designation. The producing party will make such a designation only for those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or otherwise sensitive information.  Materials so designated are referred to herein as "Confidential Information."

STIPULATED PROTECTIVE ORDER

2.     Documents shall be designated as Confidential Information by marking or stamping each page of any such document as "Confidential" or "Confidential—Attorneys' Eyes Only," or otherwise identifying such documents by Bates production numbers or other unequivocal identifier in writing to each party receiving the Confidential Information.  In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

3.     With respect to deposition testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" within ten (10)  days of receipt of the transcript.  Until the ten-day period has expired, the entire transcript shall be treated as Confidential Information if any portions had been so designated on the record.  Additionally, in any deposition in which documents designated as containing Confidential Information are marked as exhibits, shown to the deponent, or otherwise employed, those documents shall be considered confidential and subject to the provisions of this Order.

**D.     Treatment of Confidential Information**

1.     Except as otherwise provided in this Order or subsequent court rulings, documents designated as 'Confidential,' including information produced by non-parties, shall not be disclosed or shown to anyone other than:

STIPULATED PROTECTIVE ORDER

(a)    The parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(b)    Outside counsel for the parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(c)    In-house counsel for the parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(d)    Persons employed by any party or by counsel solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(e)    The Court or persons employed by the Court, including the jury;

(f)    Duly qualified court reporters and videographers participating in these proceedings;

(g)    Persons who were the authors or recipients of the documents in the ordinary course of business;

(h)    Witnesses in preparation for or in the course of depositions or the trial of this matter; and

STIPULATED PROTECTIVE ORDER

(i)    Persons who, in addition to those identified above, are permitted access by either order of the Court or stipulation.

2.    In the event that documents or testimony are designated as "Confidential—Attorneys' Eyes Only," such information shall not be disclosed or shown to anyone other than the persons described in paragraph D.(1a—1i.)

3.    Confidential Information shall be used by the receiving party solely for the prosecution or defense of this litigation and only as provided in this Stipulated Protective Order.  Confidential Information shall not be used or employed for any other action, proceeding, or purpose whatsoever.

4.    Before disclosing Confidential Information to any third party pursuant to this Order, the disclosing party must provide prior written notice to the producing party or any other party designating the information as Confidential Information.  Such disclosure shall not be made until (1) such party consents to the disclosure; or (2) the court resolves any objections to the disclosure, whichever is earlier.  Any objections to such disclosure shall be made in writing to the court within ten (10) business days of receipt of the notice.

5.    Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction:

(a)    its own documents or information; and

(b)    documents or information developed or obtained by a receiving party independently of discovery in this action.

STIPULATED PROTECTIVE ORDER

6.      Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulated Protective Order.  To the extent such person is neither a party nor employed by a party, such person shall sign an agreement to be bound to this Order before any Confidential Information is disclosed.

7.      No Confidential Information shall be filed with the Court or used in a hearing unless the party seeking to file or use such information has complied with the requirements of Local Rule 141 governing the sealing of documents. The party seeking to file Confidential Information under seal shall provide written notice to all parties and any person or entity that designated the information as Confidential Information before the filing or hearing, identifying the specific information at issue. Any objections to such filing or use shall be made in writing to the Court with a request for an expedited hearing. If objections are lodged, the Confidential Information shall not be filed or used unless and until the Court rules on the request to seal, or the information is otherwise filed in accordance with Local Rule 141.

8.      Nothing in this Order shall restrict any party from using or referring to Confidential Information at trial, in open court proceedings, or in connection with any pretrial motion or hearing. All trial and courtroom proceedings in this action shall presumptively be open to the public, and no confidentiality designation under this Order shall, standing alone, constitute a basis for sealing courtroom proceedings, excluding evidence from presentation to the jury, or closing the courtroom. A party seeking to

STIPULATED PROTECTIVE ORDER

restrict the public use of Confidential Information at trial or in any court proceeding shall file a separately noticed motion establishing, by clear and convincing evidence, that: (a) the information constitutes a trade secret or otherwise qualifies for protection under applicable law; (b) disclosure would cause a clearly defined and serious injury to the designating party; and (c) n o less restrictive alternative to sealing or closure exists. Any such motion shall be filed no later than twenty-one (21) days before the trial date or the date of the hearing at which the information is to be used. Failure to timely file such a motion shall result in a waiver of any objection to the public use of the Confidential Information. For the avoidance of doubt, all confidentiality designations under this Order apply only to pretrial discovery and shall not limit the admissibility or public presentation of any evidence at trial unless the Court separately orders otherwise.

9.    The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter if, within ten (10) days of discovering the inadvertent failure to designate the material as confidential, the person or entity that provided the Confidential Information identifies the material produced and amends the designation.

10.    Within thirty (30) days of the settlement or final adjudication, including appeals, of the action in which the documents have been produced, all Confidential Information supplied by the parties and non-parties and all copies thereof shall, upon

STIPULATED PROTECTIVE ORDER

request, be certified to have been destroyed or deleted.  However, it is understood that each party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any party that reflects or includes information derived from documents or testimony designated as confidential will not be destroyed or deleted.

11.     Any dispute concerning the application of this Stipulated Protective Order shall be heard by the Court upon motion by the objecting party only after having exhausted the Court's mandatory informal discovery dispute procedures as set forth in the operative Scheduling Order (Doc. 35 at 4-5).  Any violation of this Stipulated Protective Order may result in sanctions and costs upon a finding by the Court that the violation was made in bad faith.

STIPULATED PROTECTIVE ORDER

Stipulated to and Agreed to by:

05/01/2026 _____
Date

/s/Neeka Tehrani
Counsel for Plaintiff

05/01/2026_____
Date

/s/ MaryJo. L. Roberts
Counsel for Defendant

IT IS SO ORDERED.

Dated: **May 4, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER