UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE PALACPAC,<br><br>Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00318-KES-CDB<br><br>ORDER RESOLVING THE PARTIES' INFORMAL DISCOVERY DISPUTES REGARDING DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND PROPOSED RULE 45 SUBPOENAS<br><br>(Doc. 54) |

Plaintiff Jamie Palacpac initiated this action and filed the operative, first amended complaint in state court on January 30, 2023, before Defendant Schlumberger Technology Corporation removed the case to this Court on March 2, 2023.[1] (Doc. 1).

Pending before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through its informal discovery dispute procedure.

Following their submission of a joint discovery dispute letter brief (Doc. 54), on July 23, 2026, the Court convened on the record with counsel for Plaintiffs (Neeka Tehrani) and counsel for Defendant (MaryJo Roberts and Matthew Braquet) via Zoom for informal discovery dispute conference. (Doc. 55). At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters and agreed to abide by an anticipated order of the Court resolving the disputes to the exclusion of seeking relief

[1] Plaintiff and Defendant are the only remaining parties to this action following the voluntary dismissal of several other entity and individual defendants. (Docs. 31, 32, 36, 37).

through a motion to compel or otherwise, reserving only the parties' rights to seek review of the undersigned's order by the assigned district judge pursuant to Fed. R. Civ. P. 72(a).

**Background**

This is an employment discrimination and retaliation action. Plaintiff Jamie Palacpac alleges that his former employer, Defendant Schlumberger Technology Corporation ("Defendant"), wrongfully terminated his employment on the day he returned to work (August 9, 2021) following Plaintiff's extended absence due to medical issues. (Doc. 1-4, First Amended Complaint ["FAC"] ¶¶ 15-16). Plaintiff asserts numerous claims against Defendant pursuant to California's Fair Employment and Housing Act ("FEHA") and related state law labor and tort claims. Among other damages, Plaintiff seeks "lost past and future income and employment benefits, damage to his career, and lost wages." FAC ¶ 17.

**Governing Legal Standard**

Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

In response to a party's request for production of documents, the receiving party "is obliged to produce all specified relevant and nonprivileged documents or other things which are in its 'possession, custody or control' on the date specified in the request." *Jadwin v. Cnty. of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008)

(quoting Fed. R. Civ. P. 34(a)).

Separately, Federal Rule of Civil Procedure 45 governs subpoenas, which are the mechanism for obtaining discovery and testimony from nonparties. A subpoena may be issued by the Court, the Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3). Rule 45 sets forth a subpoena recipient's duties in relation to responding to a subpoena, including, as relevant here, (1) producing documents or making them available for inspection as called for by the subpoena and/or serving objections no later than the date specified for compliance, and (2) attending a deposition.

## Discussion

The parties have presented the Court with two discovery disputes for its resolution, each of which is addressed below.

### A. Defendant's Proposed Third-Party Subpoenas to Plaintiff's Subsequent Employers

Defendant has conferred with Plaintiff regarding its intent to serve subpoenas on Plaintiff's subsequent employers for employment-related records. While the parties agree that these third-party subpoenas properly may direct the employers to return general information about Plaintiff's employment, including the general reasons for Plaintiff's separation or termination, Plaintiff objects to Defendant's intent to seek through the subpoenas "performance reviews, coaching and corrective-action records, discipline, complaints, investigations, attendance issues, alleged misconduct, and related communication." Thus, the parties seek a ruling of the Court concerning Plaintiff's anticipated motion to quash such subpoenas to the extent they direct subsequent employers to return the challenged information. During the discovery dispute conference, Defendant did not dispute that Plaintiff would have standing to file such a motion to quash.

Defendant argues that the records it seeks by the subpoenas are relevant because "Plaintiff seeks lost wages and other economic damages, thereby placing his post termination employment history squarely at issue." (Doc. 54 at 7). Because Plaintiff has a duty to mitigate damages, Defendant contends that the records are necessary to "explain reductions in earnings,

interruptions in employment, or the reasons Plaintiff's subsequent employment ended." *Id.* Defendant cites as authority for this proposition *Dornell v. City of San Mateo*, No. 3:12-cv-06065-CRB, 2013 WL 5443036 (N.D. Cal. Sept. 30, 2013).

*Dornell* does not support Defendant's argument. There, the court permitted defendant employer to obtain records from another of plaintiff's employers where she allegedly continued to work during the period in which she was on medical leave from defendant's employ. Thus, the records were relevant to the severity of plaintiff's claimed emotional distress, in addition to her claims of lost income. Here, in contrast, there is no allegation that Plaintiff engaged in work with one employer while he claimed to be unable to work for Defendant.

Defendant does not adequately develop any argument in support of its contention that employment records elucidating any reductions in Plaintiff's earnings, or interruptions in employment, or the reasons for any separation or termination of Plaintiff by subsequent employers pertain to the issue of mitigation of damages. It is the propounding party's burden to demonstrate the relevance of information it seeks. *See Owen v. Hyundai*, 344 F.R.D. 531, 535 (E.D. Cal. 2023); *Duenez v. Cty. of Manteca*, No. 2:11–cv–1820 LKK AC, 2013 WL 684654, at *3 (E.D. Cal. Feb. 22, 2013). Thus, the Court finds that the disputed categories of information Defendant seeks to include in its third-party subpoenas are not relevant to the claims or defenses at issue. *E.g., Green v. Autozoners*, LLC, No. 2:25-cv-01499-TLN-CKD, 2026 WL 1453586, at *4 (E.D. Cal. May 22, 2026) (in a FEHA employment discrimination action, denying former defendant-employer's request for documents from third-party employer reflecting any complaints of discrimination by plaintiff where defendant argues such information was relevant to plaintiff's damages).

**B. Plaintiff's Objections to Producing Disability Benefit-related Documents**

Although the parties did not provide the Court with the written discovery propounded by Defendant upon Plaintiff, the parties represent that Defendant's request for production number 14 ("RPD No. 14") directs Plaintiff to produce documents relating to his social security-related disability benefits. Plaintiff objects on relevance and proportionality grounds to the extent RPD No. 14 requires production of documents beyond documents relating to the amount and timing

of any such benefits, such as the underlying disability benefit applications, statements, medical submissions, agency communications, and benefit determinations.

Plaintiff's representations in his applications to the Social Security Administration regarding any of his disabilities, and that agency's determination regarding his disabled status, are at least marginally relevant to Plaintiff's ability to mitigate damages. Plaintiff argues that he only applied for disability benefits in 2025 – more than three years after his termination by Defendant – and, thus, that any representations he made or determinations by the agency about his disability are too remote in time to meet Rule 26's relevance standard (Doc. 54 at 4-5). But counsel for Plaintiff could not rule out during the informal discovery dispute conference that Plaintiff's applications could include information or allegations about an earlier onset of disability. And while the Court agrees with Plaintiff that any representation Plaintiff made in his disability applications to the agency about his disabilities in 2025 is not dispositive of his ability to work in 2021 (*id*. at 5), that is not determinative of whether the documents (applications and disability determinations) are relevant to the claims and defenses at issue.

*Remainder of This Page Intentionally Left Blank*

While the Court finds that Plaintiff's disability benefit applications and the agency's disability determinations are relevant, the other disputed categories of records sought (medical submissions and agency communications) bear only tangential relevance to the claims and defenses at issue, and in all events, are not proportional to the needs of the case.

**Conclusion and Order**

Based on the foregoing and for the reasons set forth and preserved on the record of the informal discovery dispute conference (Doc. 55), IT IS HEREBY ORDERED that (1) Plaintiff's objections to Defendant's proposed third-party subpoenas are SUSTAINED, and (2) Plaintiff's objections to Defendant's RPD No. 14 are SUSTAINED IN PART and OVERRULED IN PART consistent with this order.

IT IS SO ORDERED.

Dated: **July 23, 2026**

UNITED STATES MAGISTRATE JUDGE