UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE PALACPAC,<br>Plaintiff,<br>v.<br>SCHLUMBERGER TECHNOLOGY CORPORATION, *et al.*,<br>Defendants. | Case No. 1:23-cv-00318-KES-CDB<br><br>ORDER DENYING PARTIES' STIPULATED REQUEST TO AMEND SCHEDULING ORDER<br><br>(Doc. 57) |

Plaintiff Jamie Palacpac initiated this action and filed the operative, first amended complaint ("FAC") in state court on January 30, 2023, before Defendant Schlumberger Technology Corporation removed the case to this Court on March 2, 2023.[1] (Doc. 1). On February 10, 2026, the Court entered the scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 35). The scheduling order admonished the parties that "<u>[s]tipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate exhibits, which establish good cause granting the relief requested</u>." *Id.* at 9 (emphasis in original).

Pending before the Court is the parties' stipulated request to amend the operative scheduling order, filed on September 15, 2026. (Doc. 57). The parties request the Court continue

[1] Plaintiff and Defendant are the only remaining parties to this action following the voluntary dismissal of several other entity and individual defendants. (Docs. 31, 32, 36, 37).

the nonexpert discovery deadline and all related case management dates and deadlines for either seven or eight months. *See id.* at 2, 4. The parties represent that they "have been working diligently to complete non-expert discovery within the Court's established deadlines" but despite these efforts, they require additional time. *Id.* ¶ 4. The parties represent good cause exists for the requested continuance because Plaintiff is in the process of securing dates for two third-party subpoenas but has been unable to finalize scheduling for these witnesses within the current discovery period, and separately, because the parties continue to dispute the scope and discoverability of certain communications and documents relating to Plaintiff's termination such that additional discovery appears necessary. *Id.* ¶¶ 6-10.

**Discussion**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal*., 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co*., 302

F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Here, although the parties represent that good cause exists to grant their request because they have "been working diligently to complete non-expert discovery[,]" their generalized characterizations are insufficient for the Court to measure the diligence with which the case has been litigated to warrant the significant requested extension of all case management dates. This is why the Court admonished the parties upon scheduling the case that it would not consider stipulated requests to extend deadlines unless supported by attorney declarations that establish good cause – namely, diligence – for granting an extension. (Doc. 35 at 9). Instead of providing in support of their request the required declarations detailing their diligent conduct of discovery, the parties rely on conclusory and unsworn representations about the procedural posture of the case. But the Court's dispositive inquiry focuses on the parties' diligence (*Zivkovic*, 302 F.3d at 1087), not generalized statements of unrealized delays in the prosecution of the case due to vague representations about potential discovery disputes and issues in scheduling depositions within the established case management dates. *Zivkovic*, 302 F.3d at 1087.

In short, because the parties fail to demonstrate that they are unable to reasonably meet a deadline despite acting diligently, or otherwise explain why a significant modification of all case management dates by eight months is necessary, the Court is unable to find that an extension of case management dates is warranted. *Johnson*, 975 F.2d at 609.

**Conclusion and Order**

Accordingly, the parties' stipulated request to amend the operative scheduling order (Doc. 57) is DENIED.

IT IS SO ORDERED.

Dated: **September 16, 2026**

UNITED STATES MAGISTRATE JUDGE