UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMIE PALACPAC,

Plaintiff,

v.

SCHLUMBERGER TECHNOLOGY CORPORATION, *et al.*,

Defendants.

Case No. 1:23-cv-00318-KES-CDB

ORDER GRANTING IN PART PARTIES' RENEWED STIPULATED REQUEST TO AMEND SCHEDULING ORDER

(Doc. 59)

Plaintiff Jamie Palacpac initiated this action and filed the operative, first amended complaint ("FAC") in state court on January 30, 2023, before Defendant Schlumberger Technology Corporation removed the case to this Court on March 2, 2023.[1] (Doc. 1). On February 10, 2026, the Court entered the scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 35). The scheduling order admonished the parties that "[s]tipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate exhibits, which establish good cause granting the relief requested." *Id.* at 9 (emphasis in original).

On September 19, 2026, the Court denied the parties' stipulated request for an eight month extension of all case management dates, finding that the parties failed to demonstrate that they are

[1] Plaintiff and Defendant are the only remaining parties to this action following the voluntary dismissal of several other entity and individual defendants. (Docs. 31, 32, 36, 37).

unable to reasonably meet case management deadlines despite acting diligently or otherwise explain why such a significant modification of the operative scheduling order is appropriate. (Doc. 58).

Pending before the Court is the parties' renewed stipulated request to amend the operative scheduling order, filed on September 22, 2026. (Doc. 59). Once again, the parties request the Court continue the nonexpert discovery deadline and all related case management dates and deadlines for either seven or eight months. *See id.* at 2, 4. The parties represent good cause exists to continue all discovery, pretrial motion and trial dates by eight months for a variety of reasons. First, Plaintiff is in the process of securing dates for the deposition of two third-party deponents but has been unable to finalize scheduling the witnesses within the current discovery period. Second, the parties continue to dispute the scope and discoverability of certain communications and documents relating to Plaintiff's termination such that additional discovery appears necessary. *Id.* ¶¶ 6-11. Third, Plaintiff needs additional time to evaluate the testimony of witnesses whose depositions have been delayed but now are scheduled to occur through October 29, 2026, and to obtain any necessary follow-up discovery thereto. Fourth, Plaintiff seeks to schedule two additional depositions based on recently discovered information. (Doc. 59-1, Declaration of Neeka Tehrani, ¶ 20). For Defendants' part, counsel declares in support of the requested extensions of case management dates that the parties have several fact witness depositions remaining, and additional time is necessary to permit the parties to complete discovery. (Doc. 59-2, Declaration of Matthew J. Braquet, ¶¶ 6, 11).

**Discussion**

Although the parties' renewed stipulated request and supporting declarations clarify the circumstances prompting the parties to seek an eight-month extension of all case management dates, it remains unclear why the parties seek such an expansive enlargement of discovery deadlines. Nonexpert discovery does not close until November 30, 2026. Even taking into account that numerous depositions are scheduled to occur near the end of the nonexpert discovery period and the parties' anticipated need to undertake further discovery based on information learned during those depositions, the parties' declarations do not support a finding that they are unable, in the

exercise of reasonable diligence, to complete discovery without an eight-month extension.

Considering the parties' supporting declarations and exhibits, the Court finds that a 90-day extension of all case management dates is warranted. Given this significant expansion of discovery and pretrial motion deadlines, the Court admonishes the parties that it is unlikely to grant further extensions of time absent extraordinary circumstances and expects the parties to undertake any settlement or mediation efforts in parallel with these extended deadlines without any expectation that additional extensions of time will be granted.

**Conclusion and Order**

For the reasons set forth above and good cause appearing, it is HEREBY ORDERED that the scheduling order (Doc. 35) is amended as follows:

| **Event** | **Current Date** | **Amended Date** |
|---|---|---|
| Non-Expert Discovery Deadline | 11/30/2026 | 03/01/2027 |
| Expert Disclosure Deadline | 12/14/2026 | 03/15/2027 |
| Rebuttal Disclosure Deadline | 01/11/2027 | 04/12/2027 |
| Expert Discovery Deadline | 02/10/2027 | 05/11/2027 |
| Non-Dispositive Motion Filing Deadline | 02/24/2027 | 05/25/2027 |
| Non-Dispositive Motion Hearing Deadline | 03/31/2027 | 06/29/2027 |
| Dispositive Motion Filing Deadline | 04/14/2027 | 07/13/2027 |
| Dispositive Motion Hearing Deadline | 05/31/2027 | 08/30/2027 |
| Pre-Trial Conference | 10/13/2027 | 01/10/2028 |
| Trial | 12/07/2027 | 03/07/2028 |

All other provisions of the operative scheduling order (Doc. 35) not in conflict with this order remain in effect.

IT IS SO ORDERED.

Dated: **September 24, 2026**

UNITED STATES MAGISTRATE JUDGE